UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAM EASH, | Case No. 3:19-cv-00488-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

## I.   Introduction

This habeas corpus action was initiated under 28 U.S.C. § 2254, on August 14, 2019, by Cam Eash, an individual incarcerated at Nevada's Ely State Prison. Respondents have filed a motion to dismiss (the "Motion") (ECF No. 15), arguing that certain of Eash's claims are unexhausted in state court and that certain of his claims are not cognizable in this federal habeas action. The Court will grant the Motion in part and deny it in part, will dismiss two of Eash's claims, and will set a schedule for Respondents to file an answer responding to his remaining two claims.

## II.   Background

After Eash was charged in a justice court and waived a preliminary examination, he was charged on October 6, 2015, by Information, in Nevada's Second Judicial District Court, with: possession of a stolen motor vehicle; eluding or failing to stop on the signal of a peace officer and endangering other persons or property; possession of a firearm by a prohibited person; robbery with a deadly weapon; and grand larceny of a motor vehicle. (*See* ECF No. 16-3 (Waiver of Preliminary Examination); ECF No. 16-4 (Information).)

///

///

On January 14, 2016, Eash entered into a plea agreement and pled guilty to eluding or failing to stop on the signal of a peace officer, endangering other persons or property, and robbery with a deadly weapon. (*See* ECF No. 16-17 (Guilty Plea Memorandum); ECF No. 16-18 (Transcript of Proceedings, January 14, 2016).)

On March 8, 2016, Eash was sentenced to: 28 to 72 months in prison for eluding or failing to stop on the signal of a peace officer and endangering other persons or property; and 72 to 180 months in prison for the robbery with a deadly weapon; and 12 to 30 months in prison for use of the deadly weapon. (*See* ECF No. 16-20 (Judgment of Conviction).) The three prison sentences were to run consecutively. (*See id.*) The judgment of conviction was entered on March 14, 2016. (*See id.*)

Eash appealed. (*See* ECF No. 16-24 (Notice of Appeal); ECF No. 16-30 (Fast Track Statement).) The Nevada Court of Appeals affirmed the judgment of conviction on September 21, 2016. (*See* ECF No. 16-35 (Order of Affirmance).)

Eash then filed a petition for writ of habeas corpus in the state district court on October 4, 2016. (*See* ECF No. 16-36 (Petition for Writ of Habeas Corpus).) The court held an evidentiary hearing. (*See* ECF No. 17-5 (Transcript of Proceedings, April 14, 2017); ECF No. 17-17 (Transcript of Proceedings, February 16, 2018).) The court denied Eash's petition in a written order filed on March 14, 2018. (*See* ECF No. 17-19 (Findings of Fact, Conclusions of Law and Order).) Eash appealed. (*See* ECF No. 17-18 (Notice of Appeal); ECF No. 17-29 (Appellant's Informal Brief).) The Nevada Court of Appeals affirmed the judgment of the state district court on January 17, 2019. (*See* ECF No. 17-35 (Order of Affirmance).)

This Court received Eash's *pro se* habeas petition (the "Petition"), initiating this federal habeas corpus action, on August 14, 2019. (*See* ECF No. 6.) The Court reads the Petition to assert the following claims:

> Ground 1A: The trial court "abused its sentencing discretion by basing its sentence in part on the so-called 'victim-impact' statement of Officer Anthony Marconato."

   Ground 1B: "The supposed victim in the robbery has contacted [Eash's] family to say he wants to testify that he was threatened by Sparks police into making a false statement."

   Ground 2A: Eash's federal constitutional rights were violated as a result of ineffective assistance of counsel, because, before he pled guilty, his trial counsel inaccurately advised him about the sentence he could receive.

   Ground 2B: Eash's federal constitutional rights were violated as a result of ineffective assistance of counsel, because Eash's trial counsel first told Eash she had a statement from the robbery victim saying police threatened him with arrest unless he made a statement against Eash, then, at a later date, trial counsel told Eash she did not have such a statement and the robbery victim would testify against Eash.

(*See id.*)

On January 16, 2020, Respondents filed the Motion (ECF No. 15) and supporting exhibits (ECF Nos. 16, 17). Eash did not respond to the Motion.

**III. Analysis**

 **A. Grounds 1A and 1B**

Ground 1A is Eash's claim that the trial court "abused its sentencing discretion by basing its sentence in part on the so-called 'victim-impact' statement of Officer Anthony Marconato." (ECF No. 6 at 6-11.) Ground 1B is Eash's claim that "[t]he supposed victim in the robbery has contacted [Eash's] family to say he wants to testify that he was threatened by Sparks police into making a false statement." (*Id.* at 12.) Respondents contend that the claims in Grounds 1A and 1B are not cognizable in a federal habeas corpus action. (*See* ECF No. 15 at 7-9.) The Court agrees.

Neither Ground 1A nor Ground 1B includes any claim of a violation of federal law. Ground 1A is a claim that the trial court abused its discretion under state law. (*See* ECF No. 6 at 6-11.) Ground 1B is a claim that a witness would now retract his testimony and testify differently. (*See id.* at 12.) Federal habeas corpus relief is available only for violations of federal law. *See* 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (citations omitted); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

///

As Grounds 1A and 1B contain no allegation of a violation of federal law, they are not cognizable in this federal habeas corpus action. The Court will, therefore, grant the Motion with respect to Grounds 1A and 1B and will dismiss those claims.

### B.     Grounds 2A and 2B

Grounds 2A and 2B are claims that Eash's federal constitutional rights were violated on account of ineffective assistance of his trial counsel. (*See* ECF No. 6 at 13.) In Ground 2A, before Eash pled guilty, Eash claims trial counsel inaccurately advised him about the sentence he could receive. (*See id.*) In Ground 2B, Eash claims his trial counsel first told Eash she had a statement from the robbery victim saying police threatened him with arrest unless he made a statement against Eash; then, at a later date, trial counsel told Eash she did not have such a statement and the robbery victim would testify against Eash. (*Id.*) Respondents contend in the Motion that the claim in Ground 2B is unexhausted in state court. (*See* ECF No. 15 at 5-6.) The Court disagrees.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Eash asserted a claim like that in Ground 2B in his state habeas petition. (*See* ECF No. 16-36 at 9.) And, on his appeal in that case, Eash's *pro se* brief can reasonably be read to appeal the denial of that claim. (*See* ECF No. 17-29 at 4-7.) In fact, the Nevada Court of Appeals recognized that Eash's brief could be read in that manner and denied

4

the claim on its merits. (*See* ECF No. 17-35 at 4 n.3.) Ground 2B is therefore exhausted in state court.

Respondents make no argument for dismissal of Ground 2A.

The Court will, therefore, deny the Motion with respect to Grounds 2A and 2B and will set a schedule for Respondents to file an answer responding to those claims.

### IV. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 15) is granted in part and denied in part. Grounds 1A and 1B of the Petition for Writ of Habeas Corpus are dismissed; in all other respects, the Motion to Dismiss is denied.

It is further ordered that Respondents will have 90 days from the date of this order to file an Answer, responding to the remaining claims in the Petition for Writ of Habeas Corpus, which are Grounds 2A and 2B, as construed in this order.

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered on September 10, 2019 (ECF No. 5) will remain in effect. Petitioner will have 60 days after the filing of Respondents' Answer to file a Reply.

DATED THIS 7th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE